[Dkt. No. 5]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MARY ANNE WOLF,<br><br>    Plaintiff,<br><br>v.<br><br>PRD MANAGEMENT, INC., JAMES MCGRATH, and KARIN MCGRATH DUNN,<br><br>    Defendants. | Civil No. 11-2736 (RMB)(JS)<br><br>**OPINION** |

Appearances:

Joseph L. Messa, Jr.
Messa & Associates
2901 Springdale Road, Suite 2
Cherry Hill, NJ 08003
    Attorneys for Plaintiff

Alexander Nemiroff
Jackson Lewis LLP
Three Parkway, 1601 Cherry Street, Suite 1350
40 Lake Center Executive Park, Suite 200
Philadelphia, PA 19102
    Attorneys for Defendants

**BUMB**, United States District Judge:

    Plaintiff Mary Anne Wolf ("Plaintiff") alleges six causes of action in her complaint (the "Complaint" or "Compl.")[1], all arising out of her termination from Defendant PRD Management,

---

[1]    The allegations contained in the Complaint are accepted as true for purposes of this Opinion.

1

Inc. ("PRD"), her former employer.  She alleges:

> Count 1: age discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA") against PRD;
>
> Count 2: age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD") against PRD;
>
> Count 3: age discrimination in violation of NJLAD against Defendant James McGrath ("McGrath");
>
> Count 4: age discrimination in violation of LAD against Defendant Karin McGrath Dunn ("Dunn");
>
> Count 5: intentional infliction of emotional distress ("IIED") against Defendants PRD Management, James McGrath, and Karin McGrath Dunn (collectively the "Defendants"); and
>
> Count 6: negligent infliction of emotional distress against Defendants.  See generally Compl.

Defendants have moved to dismiss counts 2 through 6 based on the applicable statutes of limitations, as well as on other grounds. Because counts 2 through 6 are, in fact, time-barred, Defendants' motion for dismissal of these counts is GRANTED on this basis and the Court need not address Defendants' remaining arguments for dismissal.  Defendants have also moved to strike Plaintiff's claim for punitive and emotional damages to the extent those damages are premised on Count 1 of the Complaint. That motion is also granted.

I. Background

    A.   Factual

    Plaintiff was born on January 17, 1942.  Compl. ¶ 2.

Plaintiff became an employee of PRD in 1991. Compl. ¶ 19. Plaintiff was employed as the Administrator at MSAA Manor, a PRD managed property from 1995 until April 21, 2008. Compl. ¶ 20. In January of 2008, Plaintiff informed McGrath and her supervisor Scott Schaeffer that she planned to retire in two years and asked for a $3.00/hour raise in order to prepare for retirement. Compl. ¶ 24. McGrath, upon learning of Plaintiff's plans, proclaimed that he did not know that Plaintiff was "that old." Compl. ¶ 25. On April 17, 2008, Plaintiff was called to a meeting with McGrath and Dunn where she was informed that her employment was being terminated as of April 21, 2008. Compl. ¶ 27. At the time of the meeting, Plaintiff was 66 years old. Compl. ¶ 31. Prior to the meeting, Plaintiff had not received any warnings or adverse employee evaluation, nor had she received any discipline. Compl. ¶ 28. During the meeting, Plaintiff was told that she was a "risk" to PRD and was given four reasons for her termination. Compl. ¶¶ 29-30. Plaintiff alleges that the reasons given during the meeting were "merely a pretext for the real motivation...." Compl. ¶ 31. Plaintiff also alleges that McGrath and Dunn took improper action in an effort to support the pretext for her termination. Compl. ¶ 32.

On or about January 30, 2009, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging acts of discrimination

under both the ADEA and NJLAD.  Compl. ¶ 16.  On or about February 11, 2011, the EEOC issued Plaintiff a Notice of Right to Sue.  Compl. ¶ 17.  Plaintiff filed the Complaint on May 12, 2011.

II.  Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."  Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 129, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Iqbal, 129 S.Ct. at 1949).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

Santiago v. Warminster Twp., 629 F.3d 121, 139 (3d Cir. 2010) (quotations and citations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("...[A] complaint

4

must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' an entitlement with its facts.").

III. Analysis

The Court first addresses Defendants' statute of limitations argument. It then addresses Defendants' argument that Plaintiff's emotional and punitive damages, to the extent those damages are sought under the ADEA, must be stricken.

    A.    Defendants' Statute of Limitations Argument

Defendants argue that counts 2 through 6 are barred by the applicable statutes of limitations.[2] The statute of limitations for all of the claims at issue here is two years. Montells v. Haynes, 133 N.J. 282, 286 (1993) (holding that all NJLAD claims are subject to a two-year statute of limitations); Campanello v. Port Auth. Of N.Y. and N.J., 590 F. Supp. 2d 694, 699 (D.N.J. 2008)(holding that claims for intentional and negligent infliction of emotional distresses are subject to a two-year statute of limitations).

Defendants contend, and Plaintiff does not dispute, that because all of Plaintiff's claims are premised on her April 17, 2008 notice of termination and subsequent termination on April 21, 2008, Plaintiff's claims all accrued more than two years

---

[2] Where, as here the dates relevant to consideration of the timeliness of Plaintiff's claims are plain and apparent from the Complaint, and are not in dispute, the statute of limitations is an appropriate basis for dismissal. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

5

before the May 12, 2011 filing of the Complaint. This Court agrees. Alexander v. Seton Hall University, 204 N.J. 219, 235-36 (N.J. 2010)(holding that NJLAD claims based on discriminatory termination accrue when they occur); Burke v. Monmouth County Prosecutor's Office, No. 10-4796, 2011 WL 1485470, at *5 (D.N.J. April 19, 2011)("A cause of action accrues when the combination of facts and events exist which authorizes one party to maintain an action against another."); Beauchamp v. Amedio, 164 N.J. 111, 116 (N.J. 2000)("Ordinarily, a cause of action accrues when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs."). Plaintiff's claims would therefore ordinarily be time-barred. Plaintiff argues, however, that her state law claims are not time-barred on two grounds: (1) Defendants should be equitably estopped from raising a statute of limitations defense because of their participation in the EEOC proceeding; and (2) the circumstances of this case warrant equitable tolling. The Court addresses each argument in turn.

       1.    Defendants Are Not Equitably Estopped From Raising A Statute Of Limitations Defense.

Generally, under equitable estoppel, a party is precluded from asserting a right, which it otherwise would have, against another who has in good faith detrimentally relied on the party's conduct. W.V. Pangborne & Co., Inc. v. N.J. Dept. of

Transp., 116 N.J. 543, 553 (N.J. 1989). In the specific statute of limitations context, a defendant is barred, under equitable estoppel, from raising the statute of limitations as a defense where "the defendant engaged in conduct that is calculated to mislead the plaintiff into believing that it is unnecessary to seek civil redress." Id. Such conduct can include that the defendant "lulled a plaintiff into a false sense of security by representing that a claim will be amicably settled without the necessity for litigation." Id. (quotation and citation omitted); Fabcon East, L.L.C. v. Stegla Group, Inc., No. 10-4601, 2011 WL 2293454, at *4 (D.N.J. June 8, 2011).

Here, Plaintiff has solely alleged that she filed an EEOC action and that Defendants participated in that action. Plaintiff has not alleged that Defendants' conduct was calculated to mislead her to believe that litigation would be unnecessary. Nor has she alleged that she was "lulled" into a false sense of security based on the prospect of settlement. Mere participation in the EEOC proceeding, which Defendants were obligated to participate in, is not misleading. As pled in the Complaint, any mistake as to the necessity of litigation was Plaintiff's own. Accordingly, equitable estoppel is unwarranted.

    2. Equitable Tolling Is Inappropriate Here.

Where, as here, a federal district court is considering

7

state law statutes of limitations, it applies state law tolling principles unless they are inconsistent with underlying federal policy.  Vernau v. Vic's Market, Inc., 896 F.2d 43, 45 (3d Cir. 1990); Debiec v. Cabot Corp., 352 F.3d 117, 128 (3d Cir. 2003). Under New Jersey law, equitable tolling of a statute of limitations is appropriate where: (1) the complainant has been induced or tricked by an adversary's misconduct into allowing the filing deadline to pass; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.  Kates v. Bridgeton Police Dep't, No. 10-6386, 2011 WL 6720497, at *9-10 (D.N.J. Dec. 21, 2011); Elozua v. State of N.J., No. 04-2029, 2008 WL 370926, at *3 (D.N.J. Feb. 11, 2008).  Similarly, under federal law, equitable tolling of a statute of limitations is appropriate where: (1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting her rights; or (3) the plaintiff has timely asserted her rights mistakenly in the wrong forum.  U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  Under both state and federal equitable tolling principles, however, absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well

as the interest of justice. Id. (with respect to federal tolling principles); Kates, 2011 WL 6720497, at *9 (with respect to New Jersey state law tolling principles). And both state and federal equitable tolling principles also require a plaintiff to exercise diligence in pursuing and preserving her claims. Shalhoub v. Depreta, 439 F. App'x 106, 108 (3d Cir. 2011)(with respect to New Jersey state tolling principles); Santos v. United States of Am., 559 F.3d 189, 197 (3d Cir. 2009)(with respect to federal tolling principles).

Here, Plaintiff has alleged no facts that would warrant equitable tolling under New Jersey and, assuming its applicability, federal law. As discussed above, Plaintiff has not alleged misconduct or misleading conduct on the part of the Defendants – the first potential ground for equitable tolling under New Jersey and federal law. Neither has Plaintiff claimed that she was prevented "in some extraordinary way" from asserting her rights – the second potential ground for equitable tolling under both sets of law. This leaves only the third ground. Plaintiff claims that equitable tolling is warranted here because she timely asserted her rights in the EEOC proceeding and that that filing prevented her from initiating this action until the EEOC had granted her a right to sue letter. This Court disagrees.

Because there are no allegations of intentional inducement

9

or trickery by the Defendants, equitable tolling on this ground is only justified in the rare circumstances where it is demanded by sound legal principles as well as the interest of justice. Kates, 2011 WL 6720497, at *9-10; Midgley, 142 F.3d at 179. Here, the Court cannot conclude equitable tolling is justified for three reasons.

First, the initiation of the EEOC proceeding was not an impediment to the timely initiation of this action.  Plaintiff had the option to file her state law claims in court even as her EEOC claim was pending.  NJLAD claims do not require the plaintiff to first seek an administrative remedy.  Omogbehin v. Dimensions Int'l, Inc., No. 08-3939, 2009 WL 2222927, at *3 (D.N.J. July 22, 2009).  They instead only require, under N.J.S.A. 10:5-27, that a plaintiff elect between filing a claim in court or before the New Jersey Division on Civil Rights ("DCR").  Omogbehin, No. 08-3939, 2009 WL 2222927, at *3 n. 6; N.J.S.A. 10:5-27.  However, the statute does not bar the initiation of claims while an EEOC claim is pending.  The statute provides that "the procedure herein provided shall, while pending, be exclusive".  N.J.S.A. 10:5-27 (emphasis added). An EEOC proceeding is not a procedure provided under the statute and is therefore not provided "herein."  While claims may be dual-filed before the EEOC and the DCR based on a work sharing agreement (U.S. Equal Opportunity Employment Commission,

10

Federal Laws Prohibiting Job Discrimination Questions and Answers, http://www.eeoc.gov/facts/qanda.html ("If a charge is filed with EEOC and also is covered by state or local law, EEOC 'dual files' the charge with the state or local [agency], but ordinarily retains the charge for handling); see also Omogbehin, No. 08-3939, 2009 WL 2222927, at *3 n.7; Roman v. Waste Management of N.J., No. 10-4337, 2011 WL 1807642, at *3-4 (D.N.J. May 12, 2011)), there is no evidence that a dual-filing occurred here.[3]

Even if Plaintiff's claims were dual-filed with the DCR, Plaintiff could have withdrawn her administrative claims and filed this action 60 days after her filing of the EEOC complaint.  Though a DCR claim is, while pending, exclusive, a plaintiff may withdraw her complaint before the DCR at any time before the DCR has made a final decision and file a claim in court.  Wilson v. Wal-Mart Stores, 158 N.J. 263, 270 (N.J. 1999).  And, while the ADEA requires that a plaintiff first file a charge with the EEOC before filing a civil action, once an EEOC charge is filed, a complainant may file suit 60 days after filing of the charge.  29 U.S.C. § 626(d); see also Holender v. Mutual Indus. North, Inc., 527 F.3d 352, 357 (3d Cir.

---

[3]  If the Court is incorrect, and the claims were, in fact, dual-filed, Plaintiff may so advise the Court on a motion for reconsideration.  However, as discussed below, even if the claims were dual-filed, that would not change the result here.

2008)(stating that 29 U.S.C. § 626(d) "grants the right to bring a civil action after 60 days have passed since filing a charge."). Contrary to Plaintiff's argument otherwise, the ADEA does not require the plaintiff to obtain a right to sue letter before initiating a civil action. McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214-15 (2d Cir. 2006)("No right-to-sue letter is needed in ADEA cases, so a complainant may exhaust the administrative process by withdrawing agency charges so long as the charge was pending with the EEOC for at least 60 days.")(quotation and citation omitted); Lee v. City of Philadelphia, No. 08-CV-862, 2008 WL 2697320, at *2 (D.N.J. July 3, 2008)("A protected class member can file a claim under the ADEA without first obtaining a right to sue letter from the EEOC as long as the litigant waits sixty days after filing a charge with the EEOC."); Turton v. Sharp Steel Rule Die, Inc., No. Civ. A. 01-2017, 2001 WL 840428, at *3 (E.D.Pa. July 19, 2001)("However, the ADEA does not require that a right to sue letter be obtained before filing suit."). Accordingly, Plaintiff was not obligated to wait until the issuance of the right to sue letter before filing this action. She could have filed this action 60 days after the filing of her EEOC charge.

Second, Plaintiff did not exercise diligence, as required, in bringing her claims. Plaintiff first asserted these claims over three years after her termination.

Third, permitting tolling on this basis would allow plaintiffs to inappropriately manipulate the administrative process to extend the applicable statute of limitations. As discussed above, Plaintiff had the option to file her state law claims in state court from the outset, or could have filed all of her claims 60 days after the filing of her charge with the EEOC. Tolling on this basis would therefore improperly "allow a claimant to buy more time than the statute of limitations period provides." Cox v. Scholastic Book Fairs, No. 05-4190, 2006 WL 1228615, at *3 (D.N.J. May 5, 2006) (citing to Sylvester v. Unisys Corp., No. 97-7488, 1999 WL 167725, at *5 (E.D.Pa. Mar. 25, 1999)(quotation omitted)); See also Karipidis v. ACE Gaming LLC, No. 09-3321, 2010 WL 2521209, at *5 n.4 (D.N.J. June 9, 2010)(holding that the filing of a New Jersey state administrative proceeding did not toll the statute of limitations for an NJLAD claim); Omogbehin, 2009 WL 2222927, at *3 (holding that plaintiff's filing of an EEOC complaint did not toll the statute of limitations on an NJLAD claim).

In sum: (1) there was no impediment to Plaintiff filing this action earlier; (2) Plaintiff did not exercise the requisite diligence; and (3) permitting tolling under these circumstances would allow plaintiffs to game the two-year statute of limitations. Accordingly, under these circumstances, this Court cannot say that this is one of the "rare

13

circumstances" where intentional inducement or trickery by the Defendants is absent, but equitable tolling is nonetheless demanded by sound legal principles and the interest of justice. Therefore, equitable tolling does not apply to the claims at issue, and they are time-barred.

    B.    <u>Emotional And Punitive Damages</u>

Plaintiff's ADEA claim is therefore her only remaining claim.  Defendants have moved to strike Plaintiff's claim for emotional and punitive damages to the extent they are sought under this claim.  Because ADEA claims do not permit punitive or emotional damages, Plaintiff's request for such damages is stricken.  <u>McQuilkin v. Delaware River Port Auth.</u>, No. 11-652, 2011 WL 5325620, at *7 (D.N.J. Nov. 3, 2011)(holding that claims for emotional and punitive damages are not available under the ADEA); <u>McGehean v. AF &L Ins. Co.</u>, No. 09-CV-01792, 2009 WL 1911618, at *2 (E.D.Pa. June 30, 2009)(same); <u>Argue v. David Davis Ents., Inc.</u>, No. 02-9521, 2008 WL 450097, at *3 (E.D.Pa. Feb. 15, 2008)(holding that ADEA claims did not permit punitive damages in excess of liquidated damages, which are punitive in nature).  However, Plaintiff has also sought, appropriately, "other damages . . . available under the ADEA."  Those damages may include "liquidated damages," which, though punitive in nature, are permitted under the ADEA in cases of willful violation.  <u>Id.</u>

14

IV. Conclusion

For all these reasons, Defendants' motion to dismiss Counts 2 – 6 of the Complaint and to strike Plaintiff's punitive and emotional damages request is GRANTED.  An appropriate Order shall follow.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: March 27, 2012