[Dkt. No. 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARY ANNE WOLF,<br><br>     Plaintiff,<br><br>v.<br><br>PRD MANAGEMENT, INC., JAMES MCGRATH, and KARIN MCGRATH DUNN,<br><br>     Defendants. | Civil No. 11-2736 (RMB)(JS)<br><br>**OPINION AND ORDER** |

Appearances:

Joseph L. Messa, Jr.
Messa & Associates
2901 Springdale Road, Suite 2
Cherry Hill, NJ 08003
     Attorneys for Plaintiff

Alexander Nemiroff
Jackson Lewis LLP
Three Parkway, 1601 Cherry Street, Suite 1350
40 Lake Center Executive Park, Suite 200
Philadelphia, PA 19102
     Attorneys for Defendants

**BUMB**, United States District Judge:

     Plaintiff Mary Anne Wolf ("Plaintiff") moves for reconsideration of the portion of the Court's March 27, 2012 Opinion and Order dismissing Counts 2-6 of Plaintiff's 6-count Complaint (the "Complaint") and for the opportunity to file an Amended Complaint.  For the reasons that follow, Plaintiff's

1

motion is DENIED.

I.   Background

Plaintiff's Complaint alleged six causes of action against the Defendants. Defendants moved for dismissal of all but the first cause of action – a federal claim under the Age Discrimination and Employment Act of 1967 ("ADEA") - based on the expiration of the applicable statutes of limitations. Plaintiff did not dispute that, but for a finding of equitable tolling or equitable estoppel, these claims would be time-barred. However, Plaintiff claimed that these doctrines did, in fact, apply. This Court concluded, on the facts before it, that neither of these doctrines applied and that these claims were time-barred.

Plaintiff has now moved for reconsideration of the Court's prior ruling and to allow her an opportunity for leave to amend the Complaint to assert new facts that she did not previously present to the Court. These purportedly new facts are that: (1) the Defendants received notice of all of Plaintiff's claims as of January 30, 2009 when she filed a claim with the Equal Employment Opportunity Commission ("EEOC"); (2) Plaintiff believed that the EEOC would dual-file her claims with the appropriate New Jersey state agency; (3) Plaintiff believed that her claims could not be asserted in court until after the EEOC had an opportunity to investigate and potentially pursue them;

(4) Defendants indicated a desire to attempt to settle the claims before going to formal litigation and the parties conducted an unsuccessful mediation session; (5) Plaintiff believed that the EEOC process would be the most effective way to resolve her claims, even when she learned that the EEOC was backlogged; (6) it was Plaintiff's understanding that her federal claim would need to be filed in federal court but her state law claims could also be considered there; (7) in February 2011, Plaintiff learned that the EEOC investigation was not progressing and she was instructed by her attorney that she should pursue her claims in a private lawsuit; (8) Plaintiff had no intention of delaying the filing of her lawsuit or the presentation of her state law claims; and (9) Plaintiff followed her attorney's advice in her continued reliance on the EEOC forum as her attorney counseled her that the EEOC process was a proper one and one through which she could avoid burdening the court system.

II.  Standard of Review

Plaintiff's motion is denominated as one for reconsideration.  In this District, motions for reconsideration are governed by Local Rule 7.1(i), which allows a court to reconsider a decision upon a showing that either (1) there has been an intervening change in controlling law; (2) evidence not available when the Court issued its order has become available;

or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. <u>Flores v. Predco Servs. Corp.</u>, No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. July 29, 2011).

Here, Plaintiff does not contend that there has been an intervening change of law, present evidence unavailable to her previously (the facts she cites were all known to her from the beginning), or assert that the Court made a clear error of law or fact.  Therefore, reconsideration of the Court's prior Opinion and Order is unwarranted.

The Court will, however, notwithstanding the motion's denomination, construe it as a motion for leave to amend.  Under Federal Rule of Civil Procedure ("FRCP") 15(a)(2) leave to amend should be granted freely when justice so requires.  FRCP 15(a)(2).  However, leave to amend is denied where leave would be futile.  <u>Free Speech Coalition, Inc. v. Attorney General of U.S.</u>, No. 10-4085, 2012 WL 1255056, at *18 (3d Cir. April 16, 2012).

II.  <u>Analysis</u>

Plaintiff argues that the facts described above would warrant the application of equitable estoppel or equitable tolling.

A.  <u>Equitable Estoppel</u>

With respect to the former, the Court previously found that equitable estoppel was unwarranted because Plaintiff had not

4

alleged conduct by the Defendants calculated to mislead her to believe that litigation would be unnecessary, or that she was "lulled into a false security based on the prospect of settlement." Wolf v. PRD Management, Inc., No. 11-2736, 2012 WL 1044504, at *3 (D.N.J. Mar. 27, 2012). Plaintiff claims that her new allegations that Defendant PRD Management, Inc. participated in the EEOC mediation process while expressing a desire to amicably resolve claims and voluntarily submitted a position paper, changes this analysis. It does not.

First, Plaintiff does not allege that she was affirmatively misled by the Defendants to engage in settlement discussions in return for a tolling or waiving of the statute of limitations, or that Defendants even conveyed that settlement was likely. Second, Defendants' expression of a mere desire to settle amicably, and conduct consistent with that professed desire, their participation in a voluntary mediation, is not conduct calculated to mislead Plaintiff about the necessity of litigation, or provide Plaintiff with a false sense of security in the prospect of settlement. Neither is Defendants' submission of a Position Statement. It makes no mention of the prospect of settlement and vigorously disputes Plaintiff's claims. See Docket No. 7, Ex. B. In any event, any illusion about the prospect of settlement would have been quickly dispelled as, according to Defendants, the mediation session

5

ended after a single day and Plaintiff has offered no allegations that settlement discussions continued afterwards. Therefore, to the extent Plaintiff seeks leave to amend to assert new allegations to make out an equitable estoppel claim, such leave would be futile.

  B.   Equitable Tolling

Plaintiff previously asserted that equitable tolling was appropriate because: (1) the Defendants had actively misled the Plaintiff; and (2) she had timely asserted her rights in the EEOC proceeding and that filing prevented her from filing suit in this Court.  The Court concluded that equitable tolling was unwarranted on either ground.  Id. at 3-4.

Plaintiff's newly submitted allegations do not change that conclusion.  With respect to the first ground, as discussed above, Plaintiff has adduced no new allegations suggestive of misleading conduct by the Defendants.  With respect to the second ground, as discussed in the Court's prior opinion, because there are no allegations of intentional inducement or trickery by the Defendants, equitable tolling on this ground is only warranted in extraordinary circumstances.  Id. at *3. Plaintiff was also required to demonstrate that she exercised diligence in pursuing her claims.  Id.  The Court previously concluded that equitable tolling was unwarranted on this ground for three reasons: (1) there was no impediment to Plaintiff

6

filing this action earlier; (2) Plaintiff did not exercise the requisite diligence; and (3) permitting tolling under these circumstances would allow plaintiffs to game the two-year statute of limitations.  Plaintiff disputes only the latter two points.  Id. at *5.  On the first of the two disputed points, the newly submitted facts do not materially advance Plaintiff's claim that she exercised the requisite diligence in bringing this action. Rather, they only describe Plaintiff's efforts in the EEOC proceeding and provide further context for Plaintiff's decision to continue to utilize the EEOC process to obtain relief.  On the second point, Plaintiff claims that the newly submitted allegations demonstrate that she had no intention to "game" the system.  But Plaintiff's own intent was not the basis of the Court's finding on this point.  It was that, as a general matter, holding otherwise could inequitably allow plaintiffs to extend the statute of limitations through EEOC filings.  Id.  It would be extremely difficult for a court to discern a plaintiff's rationale for delay in filing in court after an EEOC filing.  Therefore, Plaintiff has failed to establish extraordinary circumstances that would justify equitable tolling based on Plaintiff's mistaken filing in the EEOC.

   Accordingly, Plaintiff's newly submitted allegations do not change this Court's conclusion that equitable tolling is unwarranted under these circumstances.  Therefore, leave to

amend to assert these new allegations would be futile.

IV. Conclusion

　　For all these reasons, Plaintiff's motion for reconsideration and for permission to leave to amend is DENIED. Free Speech, No. 10-4085, 2012 WL 1255056, at *18 (holding that leave to amend should be denied where leave to amend would be futile).

　　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　　　　　　United States District Judge

Dated: May 8, 2012

8